IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ANTHONY MCLAURIN           *
             Petitioner,
     v.                                         *     CIVIL ACTION NO. DKC-06-225

WARDEN JACK CRAGWAY, et al.        *
             Respondent.
                                                 ***

**MEMORANDUM**

According to Petitioner, the unserved portion of his sentence was suspended and in July of 2005, he was released from the Maryland Division of Correction ("DOC") to Second Genesis, a residential substance abuse treatment program. Paper No. 1. Petitioner claims, however, that the sentencing court "reimposed"[1] his prison sentence without due process, resulting in his removal from the treatment program and return to prison.[2] *Id*. He seeks release from prison, reinstatement in the substance abuse program, and compensation for his loss of freedom and "medical negligence or neglect that is deliberate." *Id*.

On February 8, 2006, the court construed the action as a hybrid petition for writ of habeas corpus and civil rights action for damages. That portion of the action seeking damages for Petitioner's medical care, removal from a substance abuse program, and continued confinement was dismissed without prejudice.[3] The State of Maryland, Jack Cragway, and the Maryland Department

---

[1]   Petitioner indicates that the sentence was reimposed in the Circuit Court for Howard County.

[2]   According to Petitioner, while still in DOC custody prior to his release, he sustained a steam burn to his leg. Paper No. 1. He claims that the injury was initially mistreated and a staph infection was later diagnosed. *Id*. Petitioner alleges that he was released from DOC custody to Second Genesis notwithstanding this injury and that the program director at Second Genesis refused to provide him with treatment because he did not want to be responsible for Petitioner's medical expenses. *Id*.

[3]   The court concluded that: (i) any damage claims related to the legality of Petitioner's confinement were premature under 42 U.S.C. § 1983; (ii) civil rights claims concerning Petitioner's removal from a substance abuse treatment center were not colorable as there is no free-standing constitutional right to drug

of Public Safety and Correctional Services were, however, required to file a show cause response to the remainder of the petition. The parties have briefed the issues and the case may be determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the case shall be dismissed.

On March 21, 1995, Petitioner was sentenced by Baltimore City Circuit Court Judge Kenneth L. Johnson to concurrent sentences on eight counts of storehouse breaking, one count of assault, and one count of malicious destruction, all but five years suspended . Paper No. 9, Ex. 1. This resulted in a term of confinement calculated with a maximum expiration date of February 3, 2000. *Id*., Ex. 2. On September 10, 1997, Petitioner was released on mandatory supervision. *Id*. While on mandatory supervision, on April 8, 1999, Petitioner was sentenced by Baltimore City Circuit Court Judge M. Brooke Murdock to two concurrent six-year sentences for drug possession with intent to distribute cocaine and heroin, commencing March 25, 1999, and a concurrent five-year sentence for drug possession with intent to distribute marijuana. *Id*., Ex. 3.

After Petitioner's return to DOC custody, the Maryland Parole Commission ('Commission") issued a parole warrant on May 12, 1999, based upon the new 1999 convictions in the Circuit Court for Baltimore City. *Id*., Ex. 2. On August 13, 1999, the Commission revoked his mandatory supervision release and allowed him 565 days street time credit. *Id*., Ex. 4. The maximum expiration date for Petitioner's 1995 conviction in the Circuit Court for Baltimore City was adjusted to March 18, 2000. *Id*., Ex. 2.

---

treatment or rehabilitation; and (iii) claims involving Petitioner's medical care could not proceed as currently pled.

According to the record Petitioner was also charged with criminal offenses in Howard County, Maryland. In January of 2000, Petitioner entered a guilty plea to one count of attempted burglary in the second degree and one count of burglary in the second degree in the Circuit Court for Howard County. Paper No. 9, Exs. 8 & 9. On February 17, 2000, Howard County Circuit Court Judge Dennis Sweeney sentenced Petitioner to concurrent fifteen and five-year terms, to commence on March 30, 1999. *Id.*, Exs. 5 & 6. Petitioner's maximum expiration date for the term of his confinement was adjusted to March 30, 2014. *Id.*, Ex. 2.

Respondents claim, Petitioner is serving a term of confinement commencing February 3, 1995, and ending March 30, 2014, based upon sentences imposed by the Circuit Courts for Baltimore City and Howard County.

On March 3, 2005, the Circuit Court Judge Sweeney committed Petitioner to the Department of Health and Mental Hygiene ("DHMH") for purposes of obtaining residential treatment at Second Genesis. *Id.*, Ex. 7. The commitment order specified that: (i) the DOC was to transfer Petitioner to Second Genesis in compliance with Md. Code. Ann., Health Gen. § 8-507, upon bed availablility; (ii) the balances of the Howard County sentences be suspended; (iii) Petitioner be placed on three years probation under condition that Petitioner complete Second Genesis and aftercare programs; (iv) the probation period commence "upon entry" into the Second Genesis program; and (v) Petitioner be returned to court upon the completion of treatment. *Id.*, Exs. 7-9.

On July 14, 2005, Petitioner was released from DOC confinement pursuant to the Howard County Circuit Court order. The following day, however, the Circuit Court directed that a bench warrant be issued because Petitioner was not accepted into the Second Genesis program because of a health condition. *Id.*, Exs. 8 & 9. At a court proceeding on August 12, 2005, Judge Sweeney

3

directed that Petitioner remain at the Howard County Detention Center and on September 2, 2005, the Circuit Court ordered that Petitioner be "returned from the Howard County Detention Center to [the DOC] to continue the service of the [February 17, 2000] sentences imposed on him." Paper No. 9, Ex. 11. Petitioner was to be afforded full credit on those sentences for all time served in the Howard County Detention Center since leaving the DOC. *Id.* Petitioner was returned to the DOC on September 19, 2005. *Id.*, Exs. 2 & 10. It is not disputed that he has been awarded credit for time that he was out of DOC custody and his maximum expiration date remains March 30, 2014. *Id.*, Ex. 2.

Respondents argue that the petition is subject to dismissal because: (i) Petitioner has failed to exhaust his state administrative and court remedies; (ii) Circuit Court Judge Sweeney acted within the scope of his discretion and authority to set the terms of the commitment, to issue the bench warrant, and to re-commit Petitioner to the DOC; and (iii) Petitioner is lawfully confined by the DOC. They allege that as of March 31, 2006, Petitioner has a projected mandatory supervision release date of July 6, 2008, based upon his sentence structure and the award of diminution of confinement credits under Md. Code Ann., Corr. Serv. §§ 3-702-3-707.[4] Paper No. 9, Ex. 12.

In his Reply, Petitioner incorporates all prior facts and arguments raised in his original Petition. Paper No. 10. He primarily argues that Respondents have misconstrued the factual history in this case. Petitioner asserts that he was physically transported to the Second Genesis program, accepted into intake, and did not violate the terms of the substance abuse treatment agreement under

---

[4] Respondents assert that Petitioner has been awarded: 1214 good conduct credits, calculated at the rate of five days per calendar month from April 8, 1999, to March 30, 2014; 452 special project credits; 362 industrial credits; and 65 educational credits.

4

the Howard County Circuit Court commitment order.[5] *Id*. He claims, therefore, that Judge Sweeney had no authority to issue the bench warrant and to reimpose the sentences. Petitioner further alleges that he has exhausted his claims by filing a habeas corpus petition in the Circuit Court for Anne Arundel County. Paper No. 10, *see also* Paper No. 1 at Attachments.

To the extent that Petitioner is seeking habeas corpus relief to allege his current confinement is illegal because: (i) the Circuit Court reimposed his sentence without due process and (ii) the DOC had no authority to accept him into custody after the "re-commitment" order was issued by the Circuit Court for Howard County, his petition shall be dismissed. Petitioner did file a state habeas corpus petition attacking Judge Sweeney's decisions. That petition was denied by Anne Arundel County Circuit Court Judge Joseph P. Manck in December of 2005. There is, however, no information that Petitioner filed an appeal from Judge Manck's determination.[6] Therefore, it appears that he has not fully exhausted his available state remedies, which is a jurisdiction prerequisite prior to filing this petition.[7] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). Moreover, Petitioner has failed to show that his confinement is unlawful.

---

[5] Petitioner acknowledges that he was not accepted into the Second Genesis program due to a health condition. Paper No. 1 & 10. He argues, however, that he "merely had to be placed into a medical clinic...for treatment to his leg." Paper No. 10 at 3.

[6] Although this court at one time interpreted Maryland law as not permitting an appeal of a circuit court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging DOC actions. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995); *Maryland Correctional Institution-Women v. Lee*, 362 Md. 502 (2001).

[7] In addition, the record indicates that in March, 2006, Petitioner filed a prayer for writ of habeas corpus for immediate release from prison in the Circuit Court for Howard County. Paper No. 9, Exs. 8 & 9. Responsive pleadings were to be filed on May 1 and May 3, 2006. *Id*.

The March, 2005 order of the Circuit Court for Howard County provided that Petitioner's DHMH commitment commence upon bed availability and transfer to Second Genesis and plainly noted that his three-year probationary term was conditioned on his entry into the Second Genesis program. While he was transferred from the DOC to the Second Genesis facility, Petitioner was immediately rejected for entry into the program for health reasons and within 24 hours of his transfer a bench warrant was issued. He appeared before Judge Sweeney on August 12, 2005, and approximately three weeks later was recommitted to the DOC. Petitioner was never placed on probation and the court finds no due process violations on the part of Judge Sweeney or the DOC. For these reasons, a separate Order shall be entered dismissing the remaining habeas corpus portion of the case.

Date: May 24, 2006               _____/s/_____
                                 DEBORAH K. CHASANOW
                                 United States District Judge